Nancy WENDERHOLD, Plaintiff,

v.

**CYLINK CORPORATION, et al., Defendants.**

Harold Lerner, Plaintiff,

v.

Cylink Corporation, Defendant.

Chad B. Poling, Plaintiff,

v.

Cylink Corporation, Defendant.

Max Silberman, Plaintiff,

v.

Cylink Corporation, Defendant.

Harry Vassilakos, Plaintiff,

v.

Cylink Corporation, Defendant.

Hans. L. Von Schweinitz, Plaintiff,

v.

Cylink Corporation, Defendant.

Lawrence J. Plisskin, Plaintiff,

v.

Cylink Corporation, Defendant.

Nos. C 98–4292 VRW, C 98–4536 VRW, C 98–4360 VRW, C 98–4296 VRW, C 98–4603 VRW, C 98–4673 VRW, C 98–4757 VRW.

United States District Court, N.D. California.

Feb. 4, 2000.

Jules Brody, Stull, Stull & Brody, New York City, Jacob ·A. Goldberg, Berger & Montague, P.C., Philadelphia, PA, James E. Tullman, Elizabeth P. Lin, Weiss & Yourman, Los Angeles, CA, Michael D. Braun, Stull, Stull & Brody, Los Angeles, CA, Joseph H. Weiss, Weiss & Yourman, New York City, Stephen J. Fearon, Jr., Abbey, Gardy & Squitiere, New York City, James J. Seirmarco, Abbey, Gardy & Squitieli, LLP, San Francisco, CA, Peter H. Rachman, Goodkind, Labaton, Rudoff & Sucharow, LLP, Ft. Lauderdale, FL, for Nancy Wenderhold.

Stephen J. Fearon, Jr., Abbey, Gardy & Squitieri, New York City, James J. Seirmarco, Abbey, Gardy & Squitieli, LLP, San Francisco, CA, for Jonny Alpern.

Boris Feldman, Maura L. Rees, Wilson, Sonsini, Goodrich & Rosati, Robert L. Maines, Bryant, Clohan, Ott, Maines & Barah, Palo Alto, CA, for defendants.

WALKER, District Judge.

This order addresses the issue of appointment of lead counsel in these consolidated securities class actions. On September 3, 1999, the court declined to designate as lead plaintiffs a group of Cylink shareholders and to appoint as lead counsel a consortium of law firms; instead, the court designated an individual investor, Jonny Alpern, as lead plaintiff and initiated a competitive bidding process for selection of class counsel. See *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577 (N.D.Cal.1999). Although seven law firms had sought to participate in the consortium, only one firm—Abbey, Gardy & Squitieri—submitted a bid. See *Wenderhold v. Cylink Corp.*, 189 F.R.D. 570, 571 (N.D.Cal.1999).

The Abbey proposal, however, failed to comply with the court's bid request in that its percentage-of-the-recovery fee schedule did not include litigation expenses. *Id.* at 572–73. Expenses, according to the proposal, would be assessed separately against any recovery fund. *Id.* Because this arrangement eliminated the incentive for the firm to choose the optimal mix of attorney and non-attorney inputs, the court rejected the Abbey bid and extended the bidding period. *Id.* at 573.

In the second round of bidding, the court received proposals from three law firms. Abbey amended its bid to comply with the court's order. Weiss & Yourman, a firm that had participated in the rejected consortium, resurfaced to submit a proposal. The third bid came from Innelli & Molder, a Philadelphia firm that, although it had not previously participated in the litigation and did not represent a Cylink shareholder, correctly interpreted the court's order as seeking bids from *any* qualified firm.

On January 19, 2000, the court conducted a hearing, ex parte and on the record, to aid its evaluation of the three proposals. The court borrowed this helpful concept from Judge Alsup. See *In re Network Associates Securities Litigation*, 76 F.Supp.2d 1017 (N.D.Cal.1999). Prior to the hearing, the court disclosed the competing proposals to the bidding firms to provide each an opportunity to argue the relative strengths of its bid and weaknesses of the others. At the outset of the hearing, a representative from the Abbey firm announced that Abbey was withdrawing its bid and would no longer seek appointment as class counsel. The court

proceeded to hear argument from Weiss & Yourman and Innelli & Molder with respect to their bids and the qualitative advantages of the respective firms.

■ Pursuant to Rule 23 of the Federal Rules of Civil Procedure, "the district court must exercise its inherent authority to assure that the amount and mode of payment of attorneys' fees are fair and proper. This duty exists independent of any objection [from a member of the class]." *Zucker v. Occidental Petroleum,* 192 F.3d 1323, 1328 (9th Cir.1999).

Weiss & Yourman is a 19–attorney firm with offices in Los Angeles and New York. Innelli & Molder is a two-attorney firm based in Philadelphia. Attached as Appendix A is a comparison of the competing fee proposals expressed in terms of net recovery to the class at different stages in the litigation and at various levels of gross recovery from defendants. As an initial matter, the court notes that this method of expressing fee proposals is a useful supplement to the percentage-of-recovery schedule the court has used in previous cases and, indeed, earlier in this litigation. See, for example, *Wenderhold v. Cylink,* 188 F.R.D. 577. Appendix A focuses attention, quite appropriately, on *the amount the class will receive,* rather than on the lawyers' take. Under this approach, a law firm commits to delivering a set dollar amount to the class upon recovery. This should minimize ex post haggling over the meaning of percentages.

Percentages still must be examined initially, to determine whether the proposals are in keeping with the twin principles that the ratio of fees and expenses should decline as recovery increases and increase as the litigation progresses. See 189 F.R.D. at 571. The combined fee and expense schedules submitted by Innelli & Molder and Weiss & Yourman, upon which the court's comparison table (Appendix A) is based, are attached as Appendix B and Appendix C to this order, respectively. In computing the comparison table, the court translated the percentages differently for each firm due to the different manner in which the firms interpreted the court's call for bids. As explained at oral argument, Innelli & Molder's fee is calculat-

ed by adding the stated percentage for the first $500,000 to the stated percentage for the next $500,000, and so on for each recovery category. To arrive at Weiss & Yourman's fee, on the other hand, one simply locates the amount of recovery at the appropriate spot on the grid and applies the percentage specified. The susceptibility of the court's initial bid schedule to multiple interpretations, though vexing at first, had the fortuitous result of encouraging the bidders to express fees and expenses in terms of net recovery to the class. The firms should be commended for this insight.

■ As the class recovery comparison shows, Innelli & Molder is the "high" bidder; the class stands to recover more under Innelli's proposal almost across the board. The most significant disparity occurs in the $2 million to $10 million gross recovery range. Of a settlement fund created prior to the motion to dismiss stage, for example, Innelli's proposal results in a 12–14 percent higher net recovery to the class. On the basis of price alone, the Innelli bid is the clear winner.

Of course, as Weiss & Yourman emphasized at the hearing, price is not the sole consideration. And, indeed, the court heartily agrees. See, for example, *In re Oracle Securities Litigation,* 136 F.R.D. 639, 648 (N.D.Cal.1991)("Competitive selection does not make price supreme and determinative, but forces the lawyers and courts to deal with the *quality* of class counsel's services.")(emphasis in original). In support of its argument that "the lowest bid is not always the best bid," Weiss & Yourman claims to offer the following qualitative advantages: (1) prior litigation experience in this circuit, and familiarity with special pleading issues in securities cases; (2) a California presence consisting of ten attorneys in Los Angeles; (3) a well-established working relationship with defense counsel and (4) an in-house accounting expert. In addition, Weiss & Yourman is not new to this particular case and has been retained by Cylink shareholders.

While Innelli & Molder acknowledges that it has not litigated previously in this circuit, it emphasizes its extensive experience in securities class actions in other circuits. In addition, not only does the firm employ an accountant, but one of its partners is a CPA

and both have degrees in economics. That Innelli does not currently represent a Cylink shareholder is not of great significance, the firm argues, because in securities cases plaintiffs typically do not possess information about the challenged conduct not publicly available. Finally, Innelli counters that its smaller size benefits the class by reducing overhead and resulting in more focused service.

The court concludes that in addition to offering the best price, Innelli & Molder maintains a qualitative edge. Of particular importance is that, due to the small size of the firm, its principals will direct the litigation and have a unique incentive to succeed. This case presents an opportunity for Innelli & Molder to establish a reputation in a new and important geographic market. To the extent that the firm is less well-established in the west, that is reflected in the price. In addition, the firm's willingness to post a completion bond and obtain malpractice insurance is a significant indication of its high level of commitment. Although the court does not consider insurance and bonding to be requirements, they do provide assurance, especially in the case of a two-member firm, to the court and the class that representation will remain vigorous throughout the course of this litigation.

Innelli's lack of experience in this circuit does not strike the court as problematic; the firm's experience in litigation of securities fraud cases in other federal courts is an adequate substitute. Nor does the court find Innelli's lack of a local office troubling. In fact, in today's business environment there is little difference between litigating a case in San Francisco from a Los Angeles or Philadelphia headquarters. Finally, the court finds that in this case, where the lead plaintiff is an individual shareholder, prior representation is not an important factor. The qualitative advantages of Innelli's size and accounting expertise, in conjunction with the firm's more attractive fee and expense proposal, give it the competitive edge.

The court emphasizes that both firms appear well-qualified to represent the class, and the question of appointment of counsel here is a close one. Furthermore, the price differences between the two proposals are not great. Had Weiss & Yourman offered a significant qualitative advantage, that could have overcome a price disadvantage of the magnitude present here. But Innelli appears to offer *both* a qualitative advantage and a price advantage, making its selection the appropriate choice.

Based on the arguments of counsel and the fee and expense proposals submitted, the court hereby appoints Innelli & Molder to serve as class counsel in this case. Although the above-captioned cases have been consolidated, for procedural purposes lead counsel is directed to submit a proposed order in compliance with the Model Stipulation and Proposed Consolidation Order for Securities Fraud Class Actions developed by this court. See Commentary to Civ LR 23–1(b); see also proposed order filed November 19, 1999, by Weiss & Yourman. Furthermore, as the court's certification of a class and designation of lead plaintiff in this case was provisional, see Order of Sept. 3, 1999 (Doc. 48), the court will when presented consider a duly noticed motion for final class certification pursuant to FRCP 23.

IT IS SO ORDERED.

## APPENDIX A

Class Net Recovery Under Fee Proposals (in $)
Comparison of Inelli & Molder (I & M) and Weiss & Yourman (W & M)

| | From Pleading Through Motion to Dismiss | | After Motion to Dismiss Through Summary Judgment | | After Adjudication of Summary Judgment Through Trial Verdict | | After Trial Verdict Through Final Appellate Determination | |
|---|---|---|---|---|---|---|---|---|
| Gross Recovery | I & M | W & Y | I & M | W & Y | I & M | W & Y | I & M | W & Y |
| 500,000 | 450,000 | 400,000 | 375,000 | 387,500 | 350,000 | 375,000 | 325,000 | 375,000 |
| 1,000,000 | 900,000 | 800,000 | 787,500 | 775,000 | 725,000 | 750,000 | 675,000 | 750,000 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 2,000,000 | 1,850,000 | 1,600,000 | 1,637,500 | 1,550,000 | 1,550,000 | 1,500,000 | 1,475,000 | 1,500,000 |
| 3,000,000 | 2,800,000 | 2,400,000 | 2,487,500 | 2,325,000 | 2,375,000 | 2,250,000 | 2,275,000 | 2,250,000 |
| 4,000,000 | 3,750,000 | 3,200,000 | 3,337,500 | 3,100,000 | 3,200,000 | 3,000,000 | 3,075,000 | 3,000,000 |
| 5,000,000 | 4,700,000 | 4,000,000 | 4,187,500 | 3,875,000 | 4,025,000 | 3,750,000 | 3,875,000 | 3,750,000 |
| 6,000,000 | 5,650,000 | 4,950,000 | 5,087,500 | 4,800,000 | 4,875,000 | 4,650,000 | 4,750,000 | 4,650,000 |
| 7,000,000 | 6,600,000 | 5,775,000 | 5,987,500 | 5,600,000 | 5,725,000 | 5,425,000 | 5,625,000 | 5,425,000 |
| 8,000,000 | 7,550,000 | 6,600,000 | 6,887,500 | 6,400,000 | 6,575,000 | 6,200,000 | 6,500,000 | 6,200,000 |
| 9,000,000 | 8,500,000 | 7,425,000 | 7,787,500 | 7,200,000 | 7,425,000 | 6,975,000 | 7,375,000 | 6,975,000 |
| 10,000,000 | 9,450,000 | 8,250,000 | 8,687,500 | 8,000,000 | 8,275,000 | 7,750,000 | 8,250,000 | 7,750,000 |
| 11,000,000 | 10,400,000 | 9,350,000 | 9,612,500 | 9,075,000 | 9,150,000 | 8,800,000 | 9,125,000 | 8,800,000 |
| 12,000,000 | 11,350,000 | 10,200,000 | 10,537,500 | 9,9 00,000 | 10,025,000 | 9,600,000 | 10,000,000 | 9,600,000 |
| 13,000,000 | 12,300,000 | 11,050,000 | 11,462,500 | 10,725,000 | 10,900,000 | 10,400,000 | 10,875,000 | 10,400,000 |
| 14,000,000 | 13,250,000 | 11,900,000 | 12,387,500 | 11,550,000 | 11,775,000 | 11,200,000 | 11,750,000 | 11,200,000 |
| 15,000,000 | 14,200,000 | 12,750,000 | 13,312,500 | 12,375,000 | 12,650,000 | 12,000,000 | 12,625,000 | 12,000,000 |
| 16,000,000 | 15,150,000 | 14,000,000 | 14,262,500 | 13,600,000 | 13,550,000 | 13,200,000 | 13,525,000 | 13,200,000 |
| 17,000,000 | 16,100,000 | 14,875,000 | 15,212,500 | 14,450,000 | 14,450,000 | 14,025,000 | 14,425,000 | 14,025,000 |
| 18,000,000 | 17,050,000 | 15,750,000 | 16,162,500 | 15,300,000 | 15,350,000 | 14,850,000 | 15,325,000 | 14,850,000 |
| 19,000,000 | 18,000,000 | 16,625,000 | 17,112,500 | 16,150,000 | 16,250,000 | 15,675,000 | 16,225,000 | 15,675,000 |
| 20,000,000 | 18,950,000 | 17,500,000 | 18,062,500 | 17,000,000 | 17,150,000 | 16,500,000 | 17,125,000 | 16,500,000 |
| 21,000,000 | 19,900,000 | 18,900,000 | 19,037,500 | 18,375,000 | 18,100,000 | 17,850,000 | 18,025,000 | 17,850,000 |
| 22,000,000 | 20,850,000 | 19,800,000 | 20,012,500 | 19,250,000 | 19,050,000 | 18,700,000 | 18,925,000 | 18,700,000 |
| 23,000,000 | 21,800,000 | 20,700,000 | 20,987,500 | 20,125,000 | 20,000,000 | 19,550,000 | 19,825,000 | 19,550,000 |
| 24,000,000 | 22,750,000 | 21,600,000 | 21,962,500 | 21,000,000 | 20,950,000 | 20,400,000 | 20,725,000 | 20,400,000 |
| 25,000,000 | 23,700,000 | 22,500,000 | 22,937,500 | 21,875,000 | 21,900,000 | 21,250,000 | 21,625,000 | 21,250,000 |

## APPENDIX B
### Innelli and Molder Application for Class Counsel

*Fees and Expenses as Percentage (%) of Total Class Recovery* *

| | From Pleading Through Motion to Dismiss | After Motion to Dismiss Through Adjudication of Summary Judgment | After Adjudication of Summary Judgment Motions Through Trial Verdict | After Trial Verdict Through Final Appellate Determination |
|---|---|---|---|---|
| First $500,000 | 10% | 25% | 30% | 35% |
| $500,001–$1,000,000 | 10% | 17.5% | 25% | 30% |
| $1,000,001–$5,000,000 | 5% | 15% | 17.5% | 20% |

| | | | | |
|---|---|---|---|---|
| $5,000,001–$10,000,000 | 5% | 10% | 15% | 12.5% |
| $10,000,001–$15,000,000 | 5% | 7.5% | 12.5% | 12.5% |
| $15,000,001–$20,000,000 | 5% | 5% | 10% | 10% |
| Over $20,000,000 | 5% | 2.5% | 5% | 10% |

\* The only cost not included is the cost of administration of claims submitted in accordance with a Court approved settlement or a jury award. The attorneys of Innelli and Molder do not provide this service. However, we have used well respected, cost efficient, claims administrators in the past and are willing to put the contract for this service out to bid.

## APPENDIX C

## WEISS & YOURMAN

*Fee and Expense Bid Schedule*

*Fees and Expenses as Percentage (%) of Total Class Recovery* \*

| | From Pleading Through Motion to Dismiss | After Motion to Dismiss Through Adjudication of Summary Judgment | After Adjudication of Summary Judgment Motions Through Trial Verdict | After Trial Verdict Through Final Appellate Determination |
|---|---|---|---|---|
| First $500,000 | 20 | 22.5 | 25 | 25 |
| $500,001–$1,000,000 | 20 | 22.5 | 25 | 25 |
| $1,000,001–$5,000,000 | 20 | 22.5 | 25 | 25 |
| $5,000,001–$10,000,000 | 17.5 | 20 | 22.5 | 22.5 |
| $10,000,001–$15,000,000 | 15 | 17.5 | 20 | 20 |
| $15,000,001–$20,000,000 | 12.5 | 15 | 17.5 | 17.5 |
| Over $20,000,000 | 10 | 12.5 | 15 | 15 |

\* Fees and expenses include all costs and expenses incurred by plaintiff except for the costs of notice and administration of the settlement, which is typically borne by defendants.

\* Fees proposed are lower than those the Firm would normally request in connection with a fee application at the end of a securities litigation and are generally lower than the 25% Ninth Circuit Benchmark. The proposed fees are lower due to our Firm's concern that the class receive the best representation possible, which, based on the sole rejected submission to date, the class may not otherwise receive. The proposed fees are not an indication of the fees normally requested by the firm either at the end of the case or in initial bids.